United States District Court
District of South Dakota
Western Division



FILED
SEP 15 2015

| | |
|---|---|
| Kim Smith, Denise Smith, I-90 Cold Storage Inc. Ten Below LLC, ) ) ) Plaintiffs, ) ) v. ) ) Liberty Mutual Insurance, American States Insurance Company, and General Insurance Company of America, ) ) ) ) ) ) Defendants. ) ) | Civ. 15-5068 |

# Complaint and Demand for Jury Trial

## Parties and Jurisdiction

1. Plaintiffs are citizens of South Dakota.

2. Defendants are citizens of states other than South Dakota.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

## Facts

5.  Kim and Denise Smith own and operate I-90 Cold Storage Inc. and Ten Below LLC. In the same building, they own and operate Smoking Gun Indoor Shooting Range.

6.  I-90 Cold Storage Inc. is located on the service road that is just south of I-90, about 3/4 mile east of the Watiki Water Park. It provides cold storage services.

7.  Ten Below LLC owns the building where I-90 Cold Storage Inc. operates.

8.  Defendants sold Commercial Package Policy insurance, including Equipment Breakdown coverage, to I-90 Cold Storage Inc. Ten Below LLC.

9.  In September, 2013, while the policy was in effect, I-90 Cold Storage Inc. experienced an equipment failure that caused part of the food it was storing to spoil.

10. The equipment failure was caused by an accidental event that caused direct physical damage to covered equipment, specifically a

mechanical breakdown that involved artificially generated electrical current that disturbed electrical devices, appliances or wires.

11. The failure and loss were covered under the Equipment Breakdown coverage of the policy.

12. Resulting spoilage loss was covered up to $100,000, with a $5,000 deductible.

13. The spoilage loss was covered under the policy.

14. I-90 Cold Storage Inc. was sued by a customer for the customer's spoilage loss.

15. Defendants' policy required defendants to defend I-90 Cold Storage Inc. and pay the loss—but defendants refused to do so.

16. I-90 Cold Storage Inc. eventually settled the case, and will pay the settlement.

17. Defendants' wrongful abandonment of the Smiths, and refusal to defend them and pay the loss, foreseeably caused them financial loss to their

businesses, emotional distress, including extended worry and anxiety, about the future of their small business and own finances.

18. Defendants' wrongful actions foreseeably caused I-90 Cold Storage Inc. to have to hire its own attorney and pay its own attorney's fees, to have to store goods at its own expense for the customer whose food spoiled, and it will have to pay the settlement out of its own funds.

### First Cause of Action—Breach of Contract

19. All paragraphs above are incorporated herein by this reference.

20. Defendants breached their insurance contract with plaintiffs by wrongfully refusing to defend I-90 Cold Storage Inc. and pay the loss.

### Second Cause of Action—Bad Faith Refusal to Defend and Pay Loss

21. All paragraphs above are incorporated herein by this reference.

22. Defendants did not have a reasonable basis for refusing to defend the claim and pay the loss.

23. Defendants knew there was no reasonable basis for refusing to defend the claim and pay the loss, and acted in reckless disregard of the lack of a reasonable basis for refusing to defend and pay.

24. Defendants owed plaintiffs a duty of good faith and fair dealing.

25. Defendants breached their duty of good faith and fair dealing by the conduct set out above, and by:

 a. Denying defense and coverage in the absence of any good faith basis for doing so;

 b. Failing to give equal consideration to plaintiffs' interests as to their own;

 c. Avoiding their responsibility to defend and pay as required by the insurance contract; and

 d. Failing to timely investigate or conduct reasonable inquiries that would establish coverage.

26. Defendants acted with malice, oppression, and deliberate and reckless disregard for plaintiffs' rights.

27. Defendants's wrongful denial of coverage caused plaintiffs financial loss and emotional distress, including extended worry and anxiety.

28. At all times, defendants acted in accordance with their standard practices, policies, and procedures, pursuant to a plan to unlawfully minimize claim payments, and thereby to unlawfully maximize their own profits.

29. Plaintiffs are entitled to an award of punitive damages as the only way to punish defendants, to deter them from continuing to employ these same wrongful methods and tactics against other people and businesses, and to deter other companies that might be tempted to engage in the same wrongful conduct.

WHEREFORE, plaintiffs request an award of compensatory damages, punitive damages, costs of this action, attorney fees under SDCL 58-12-3, and such other and further relief as the court deems just.

Dated: September 15, 2015

*[signature]*

James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702

(605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

## Demand for Jury Trial

Plaintiffs respectfully demand a jury trial.

_____
James D. Leach